UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br> Plaintiff, <br> v. <br> BRADLEY J. MOYNES, <br> DIGATRADE FINANCIAL CORP., <br> Defendants, <br> and <br> VANCAP VENTURES, INC., <br> Relief Defendant | Civil Action No. 22-CV-11006-RGS |

**FINAL JUDGMENT AS TO RELIEF DEFENDANT VANCAP VENTURES, INC.**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Vancap Ventures, Inc. ("Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $980,400, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $235,577, jointly and severally liable along with defendant Bradley J. Moynes, for a total of $1,215,977. Relief Defendant shall satisfy these obligations by paying $1,215,977 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph II

1

below after entry of this Final Judgment.

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Vancap Ventures, Inc. as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

Relief Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

II.

Relief Defendant shall pay the total of disgorgement and prejudgment interest due of $1,215,977 in 3 installments to the Commission according to the following schedule:  (1) The first installment of $243,195, shall be paid within 60 days of entry of this Final Judgment; (2) The second installment of $486,390 shall be paid within 180 days of the entry of this Final Judgment; (3) the third and last installment of the remaining balance plus post judgment interest shall be paid within 365 days of the entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. §1961 on any unpaid amounts due after 30 days of the entry of this Final Judgment.  Prior to making the final payment set forth herein, Relief Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Relief Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:    **March 8**   , **2023**

/s/ **Richard G. Stearns**
UNITED STATES DISTRICT JUDGE